UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRONE RACKLEY, SR.**     CIVIL ACTION

**VERSUS**     **NO: 08-0825**

**MARLIN N. GUSMAN, ET AL.**     SECTION: "F" (4)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

The plaintiff, Tyrone Rackley ("Rackley"), was a pretrial detainee confined in the Orleans Parish Prison at the time he filed this *pro se* and *in forma pauperis* complaint. In this lawsuit, Rackley seeks an award of monetary damages against Orleans Parish Criminal Sheriff Marlin Gusman and Mark Terralm. Rackley claims that defendants denied him his constitutional right of access to the courts. Specifically, he alleges that the defendants failed to provide him with certified

copies of his trust fund account statements, which were required for him to apply to proceed *in forma pauperis* in federal court. *See* 28 U.S.C. § 1915(a)(2).

## II.   Standard of Review for Frivolousness

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]  That same authority is also separately granted to the court with respect to all federal civil actions brought by prisoners regarding prison conditions.  42 U.S.C. § 1997e(c).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

---

[1] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).
   The court notes that plaintiff is no longer detained. (Rec. Doc. 4). However, because he was incarcerated when the action was filed, he remains subject to § 1915A despite his subsequent release. *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997); *see also Brown v. Jacobson*, 98-CIV-0565-LBS, 1999 WL 1125122, at *5 (S.D.N.Y. Dec. 8, 1999).

(5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III. <u>Sheriff Gusman</u>

In this civil action, Rackley claims that he has been denied his constitutional right of access to the courts due to the defendants' failure to provide him with the certifications required in connection with this federal application to proceed *in forma pauperis*.

It is clear that a state actor may be liable under 42 U.S.C. § 1983, only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Rackley does not allege that Sheriff Gusman was personally involved in, or even knew of, the failure to provide the account certifications.

To the extent that Rackley has named Sheriff Gusman as a defendant based solely on his supervisory position within the Orleans Parish Prison system, that is not a valid basis for a federal civil rights claim. A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

Because there is no allegation that Sheriff Gusman was personally involved in the failure to provide the requested certifications, and because he cannot be held liable in this civil action based solely on his supervisory position, the claims against him are subject to dismissal on those grounds.

**IV.     Denial of Access-to-Courts Claims**

Even if the foregoing problems did not exist as to Sheriff Gusman, Rackley's underlying access-to-court claims would still be subject to dismissal as to *both* defendants for the following reasons.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). That right extends to pretrial detainees, such as Rackley, as well as to convicted prisoners. *See United States v. Moya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988); *Sosa v. Strain*, Civ. Action No. 06-9040, 2007 WL 1521441, at \*6 n.8 (E.D. La. May 22, 2007); *Buckenburger v. Strain*, Civ. Action No. 06-5670, 2006 WL 4503353, at \*3 (E.D. La. Oct. 20, 2006); *Kirkpatrick v. Daugherty*, Civ. Action No. 6:05cv461, 2006 WL 2401108, at \*4 (E.D. Tex. Aug. 17, 2006). However, claims alleging violations of that right are not cognizable unless the prisoner's position as a litigant was prejudiced by the denial of access. *See, e.g., Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

In the instant case, Rackley has suffered no prejudice regarding the initial failure to provide the account certifications. In his complaint, Rackley references only one prior lawsuit, *Rackley v. Louisiana*, Civil Action No. 07-504 (E.D. La.).[2] However, in that case, the required certification was eventually provided; he was granted leave to proceed *in forma pauperis*; his complaint was successfully filed; and his claims were considered and denied on the merits. He has also been granted pauper status in the instant case and, again, his claims are being considered on the merits.

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

Therefore, even if the defendants failed to provide the account certifications in a timely manner, Rackley ultimately suffered no prejudice in either of his litigation efforts as a result of that failure.

In light of the foregoing, it is evident that Rackley has failed to allege that he has ever actually been denied the opportunity to proceed as a pauper in federal court. Therefore, he has suffered no prejudice as a result of defendants' alleged failure to provide the account certifications and, accordingly, his claims necessarily fail. *See Juarez v. McKellar*, Civ. Action No. 6:07CV417, 2007 WL 4692781, at *3 (E.D. Tex. Nov. 26, 2007).

**V.     Recommendation**

It is **RECOMMENDED** that Rackley's § 1983 claims against Sheriff Gusman and Mark Terralm be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**